ALBERT MARTIN v. THE STATE.

No. 7547.   Decided March 21, 1923.

**Selling Intoxicating Liquor—Evidence—Credibility of Witness.**

Upon trial of selling intoxicating liquor, there was no error in permitting the State to ask the defendant if he was not under indictment for selling and manufacturing liquor in other cases, such testimony discrediting testimony of the witness.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. C. A. Pippen.

Appeal from the conviction of selling intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

No brief on file for defendant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in Criminal District Court No. 2 of Dallas County of selling intoxicating liquor, and his punishment fixed at confinement in the penitentiary for a period of one year.

Appellant testified in his own behalf. By four bills of exception he complains that the State was permitted to ask him if he was not under indictment for selling and manufacturing liquor in other cases. Appellant answered affirmatively as to three of the occasions inquired about but denied the other. This court has uniformly held admissible testimony showing that the accused has been or is now indicted for other felonies, such testimony affecting his credibility as a witness There are no other bills of exception in the record. But two witnesses testified, appellant being one and the prosecuting witness the other. The prosecuting witness testified positively that he bought whisky from appellant on the occasion charged in the indictment. There is no complaint of the charge of the trial court. The jury have resolved the facts against appellant.

An affirmance is ordered.

*Affirmed.*